## OGDEN PACKING AND PROVISION COMPANY v. TOOELE MEAT AND STORAGE COMPANY.

### No. 2321. Decided May 11, 1912 (124 Pac. 333).

1. APPEAL AND ERROR—REVIEW—FINDINGS—CONCLUSIVENESS. The trial court's findings in a law case will not be disturbed on appeal, if sustained by substantial evidence. (Page 95.)

2. ACCOUNT, ACTION ON—EVIDENCE—SUFFICIENCY. In an action against a meat storage corporation on an open account, evidence *held* to sustain findings that the goods were purchased by defendant's general business manager, and were resold for defendant's benefit. (Page 95.)

3. EVIDENCE—DOCUMENTARY EVIDENCE—"BOOKS OF ORIGINAL ENTRY." Mere order slips or shopbooks, in which orders for goods are entered as received, are not "books of original entry," within the rule under which shopbooks of original entry are admitted in evidence to prove the account, when the entries contained therein are properly proved or established. (Page 96.)

4. SALES—DELIVERY—EVIDENCE. An account for goods sold was properly proven by plaintiff's salesman testifying that he sold the goods on orders received from defendant's manager, that the orders were placed on slips, and when the goods were shipped out the items were compared with items on the order slips and checked, and after being so compared and checked the order slips were placed as loose leaves in a book, and then treated as original entries, and by the salesman's testimony identifying all the orders and stating that he personally knew that the goods were all delivered to defendant, especially in connection with further testimony that he afterwards went over all the items with defendant's manager, and found the goods had been delivered. (Page 96.)

5. EVIDENCE—PRECEDING TRANSACTIONS—ADMISSIBILITY. In an action against a corporation on an open account for goods sold, it was proper to receive in evidence record of transactions occurring before the sales to show that defendant always conducted business in its corporate name on the property described in its articles of incorporation, and that all the proceeds of the business were deposited in its name and applied to its use, where defendant denied that he was engaged in business a part of the time during which the goods were delivered. (Page 98.)

APPEAL from District Court, Third District; *Hon. M. L. Ritchie,* Judge.

Action by the Ogden Packing and Provision Company against the Tooele Meat and Storage Company.

Judgment for plaintiff. Defendant appeals.

AFFIRMED.

*Evans & Evans* for appellant.

*Smith & McBroom* for respondent.

FRICK, C. J.

Respondent brought this action to recover upon an open account for goods, wares, and merchandise alleged to have been sold to appellant. After stating the corporate capacity of both the appellant and respondent, and that during all of the time mentioned in the complaint the appellant was engaged in business at Tooele City, Utah, respondent, for a first cause of action, in substance alleged that between the 1st day of March, 1910, and the 26th day of April following, respondent sold and delivered to appellant, at its request, "goods, wares, and merchandise" of the value of $1979.81, no part of which had been paid. For a second cause of action, it is alleged that in the months of February, March, and April, 1910, the C. J. Crabtree Produce Company sold and delivered to appellant, at its request, "goods, wares, and merchandise" of the value of $70.05; that before bringing the

action said account was duly assigned to respondent; and that no part thereof had been paid. For a third cause of action, respondent alleged that on the 1st and 2d days of December, 1909, Aljets & Anderson sold and delivered to appellant, at its request, "goods, wares, and merchandise" of the value of $94.59; that said account was duly assigned to respondent; and that no part had been paid. Appellant answered the complaint, admitting its corporate capacity and that of respondent, and further admitted that it had been engaged in doing business as alleged in the complaint, and denied all other allegations of the complaint. The appellant, as provided by law, demanded and received a full and complete bill of particulars of the accounts stated in the several causes of action aforesaid. A trial to the court without a jury, resulted in findings, conclusions of law, and judgment in favor of respondent for the full amounts claimed in the several causes of action, and to reverse said findings and judgment appellant prosecutes this appeal.

The court, in substance, found the facts as follows: That between March 1, 1910, and the 26th day of April following, the respondent sold and delivered to appellant, at its request, at Tooele City, Utah, "goods, wares, and merchandise" of the value of $1979.81; that during the months of March and April, 1910, and on the 1st and 2d days of December, 1909, "goods, wares, and merchandise" were sold and delivered to appellant in the amounts and by the persons alleged in the second and third causes of action; that said two accounts were duly assigned to the respondent, as alleged in the complaint, and that no payments had been made thereon, nor upon the account stated in the first cause of action; and that the whole amount claimed in the complaint was due from appellant to respondent.

At the trial the respondent, by leave of court, added an amendment to its complaint, setting forth facts constituting an estoppel, which was done to meet appellant's claim that the goods alleged to have been sold and delivered to it were in fact sold and delivered to one U. S. Cline, who was its lessee, and who was in possession, as such, of its place of

business, and doing business on his own account and for his own benefit. On this issue the findings of the court are rather lengthy and specific. The substance and legal effect thereof may, however, be stated thus: That during all of the times that the goods in question were sold and delivered, as stated in the preceding findings, and for a long time prior thereto, appellant "was engaged in and was carrying on, in the name of the 'Tooele Meat & Storage Company,' a general meat, live stock, and produce business;" that in conducting said business appellant dealt and contracted with a large number of persons in the name aforesaid; "that from the month of November, 1908, to the 30th day of April, 1910, said business was conducted and carried on through the agency of one U. S. Cline, and during all of said time U. S. Cline acted as the manager and agent of the defendant company (appellant) in its said business with its knowledge and consent, and the defendant received and appropriated to its own use the profits and benefits derived from the transactions entered into on its behalf by the said U. S. Cline during all of said time;" that during all of the time aforesaid appellant, by its conduct and course of dealing, held out said Cline to the public as its agent and business manager, permitting him to act in that capacity, and that while so acting the goods mentioned in the findings of fact were by him purchased for appellant from the respondent and its assignors.

The court also in effect found that by this conduct of appellant respondent's assignors and others were induced to deal, and did deal, with said Cline as its business agent and business manager, and that appellant is estopped from now claiming that said Cline was not its agent and business manager, and that said business was not conducted and the goods in question were not purchased for its benefit.

It is contended that the foregoing findings are not sustained by the evidence. This is a law case, and all we are empowered to do in such cases is to determine whether there is any substantial evidence in support of the    **1, 2** findings of the court. We repeat, what we have repeatedly said, that ordinarily we cannot devote either time

or space to set forth the evidence, and, under .ordinary circumstances, all we shall do in law cases is to examine the evidence; and where a case is tried to the court, if we find sufficient evidence which is competent, material, and relevant to sustain the findings, we shall dispose of the assignments by merely stating our conclusions. In this case, however, we have carefully examined the evidence contained in the bill of exceptions, and we find that Mr. Cline in most positive terms states, under oath, that during all of the time stated in the complaint, and when all of the goods in question were purchased, he was the general business manager of appellant; that as such he purchased all of them; that all were purchased for it, and the money derived from the sale thereof was all deposited in the banks in its name, and was checked out in its name and appropriated and used for its benefit. There is much additional evidence to the same effect; but the foregoing, even if standing alone, was quite sufficient, if the court believed it to be true, to sustain the findings complained of.

It is also contended that the items of the accounts were not established according to the legal rules of evidence; and hence the findings in that respect are not supported by legal and competent evidence. It no doubt is the law, as counsel contend, that mere "order slips," or shopbooks, in which merely the orders for goods are entered as the orders are received are not books of original entry within the rule under which shopbooks of original entry are admitted in   **3, 4** evidence to prove an account, when the entries contained therein are properly proved or established. In this case such is, however, not all that was done. What was done is this: The salesman of the respondent, who testified he sold the goods in question in the first cause of action, said that he received the orders for the goods from appellant's manager, either in person, or in such manner that he was personally cognizant of just what orders were received. These orders were placed on slips, called "order slips," and when the goods were shipped out the items or goods shipped to appellant were compared with the items on the order slips

and checked, and after being so compared and checked the slips were placed as loose leaves in a book, and were then treated as original entries, from which the entries in the other books kept by respondent were made. The respondent's salesman positively identified all of the orders, and testified that he personally knew "that these goods were all delivered there;" that is, at appellant's place of business. But that is not all. The salesman also testified that he afterwards went over all of the items contained on the slips with appellant's general manager, Mr. Cline; and that they found that all of the items included within the first cause of action were actually delivered to and received by appellant. Moreover, the general manager in his testimony fully and completely corroborates the statements of the salesman, and states that the amount claimed in said first cause of action is correct and wholly unpaid. If it were conceded, therefore, that the court erred in admitting in evidence the loose leaves or order slips aforesaid after they were verified as stated, yet there was sufficient other original evidence of the correctness of the amount to justify the court's findings that the goods were sold and delivered to appellant, and remained unpaid.

But we do not think the court erred in admitting the order slips, under the circumstances. The law looks at the substance and not the form of things. If the entries had been made on the slips when the goods were shipped (that is, when they were delivered to appellant), and that had been the method of keeping the account, then counsel in effect concede the items on the slips might, when properly identified and proved, be treated as the original entries of the charges for the goods sold and delivered. It seems to us this is in substance just what was done. It is true that in the first instance the orders, as they were received, were entered on the slips; but, as the items that were entered on the order slips were delivered, each item found thereon was compared, checked, and proved to be correct. It is the items contained on the slips after they were verified, checked, and proved that constituted the evidence offered at the trial. The slips were not offered as order slips, but as containing charges for

41 Utah—7

goods delivered, verified, as aforesaid. The entries on the slips thus were original entries, the same as any other original entries that are made at or about the time that the transactions which they evidence occur. They were also properly verified by persons who made them, or by persons who had personal knowledge concerning the correctness of their contents. What is true with respect to the proof relating to the items included within the first cause of action is practically true with respect to the items included within the other two causes of action.

In concluding this matter, we desire to state that we have carefully examined the bill of exceptions; and it is a rare occurrence that accounts are as thoroughly established by competent and original evidence as were the accounts in question.

It is also contended that the court erred in receiving in evidence the record of transactions occurring prior to the time that the goods in controversy were sold and delivered. The court admitted such records, checks, and other papers in evidence as evidence tending to show that appellant had, during all of the time, commencing some time in September, 1907, to May 1, 1909, always conducted the business referred to in the findings in its corporate name on the property described in the articles of incorporation; that during all of said time all the money received from the business was deposited in the banks in its name and applied to its use. In view that appellant at the trial denied that it was engaged in business for at least a portion of the time during which the goods in question were alleged to have been sold and delivered to it, it was proper to show that it continued in business and transacted the same in its name in the same manner from the time it was incorporated until after the goods in question were sold and delivered.

It is also contended that there is insufficient competent and legal evidence to sustain the finding that appellant had knowledge or notice that Mr. Cline was conducting the business in its name; and, further, that the court erred in finding that Mr. Cline was its authorized representative. Without going

into detail, we think the evidence is ample to sustain both findings.

In view that the principles upon which our conclusions are based are all elementary, we have not deemed it necessary to cite authorities in support of the propositions decided. The authorities cited by respondent's counsel in their brief, however, amply sustain each and every one of the foregoing propositions in accordance with the views herein expressed.

We are convinced that the case was fairly tried; that no errors affecting the substantial rights of appellant were committed; and that the judgment is clearly right.

The judgment is therefore affirmed, with costs to respondent.

McCARTY and STRAUP, JJ., concur.